010784/0261 PAGE 2

MARY BENTON, EXAMINER
ASSIGNMENT DIVISION
OFFICE OF PUBLIC RECORDS

05/01/00

05-17-2000



| FORM PTO-1595 (Rev. 6-93) OMB No. 0651-0011 (exp. 4/94) | 101359504 **PATENTS ONLY** | U.S. DEPARTMENT OF COMMERCE Patent and Trademark Office |

To the Honorable Commissioner of Patents and Trademarks. Please record the attached original documents or copy thereof.

| 1. Name of conveying party(ies): **Richard A. Halavais; Tony C. Chung** <br><br> Additional name(s) of conveying party(ies) attached? ☒ No ☐ Yes | 2. Name and address of receiving party(ies): <br> Name: **MS Intergate, Inc.** <br> Internal Address: _____ |
|---|---|
| 3. Nature of Conveyance: <br> ☒ Assignment   ☐ Merger <br> ☐ Security Agreement   ☐ Change of Name <br> ☐ Other _____ <br> Execution Date: **04/14/00** | Street Address: **5100 East La Palma Avenue, Suite 202** <br> City: **Anaheim Hills**  State: **Californ**  ZIP: **92807** <br> Additional name(s) & address(es) attached? ☐ No ☐ Yes |

4. Application number(s) or patent number(s):
   If this document is being filed together with a new application, the execution date of the application is: _____

   A. Patent Application No.(s)                         B. Patent No.(s)

   **09/295,577**

   Additional numbers attached?

| 5. Name and address of party to whom correspondence concerning document should be mailed: <br> Name: Blakely, Sokoloff, Taylor & Zafman <br> Internal Address: _____ <br> Street Address: 12400 Wilshire Boulevard, 7th Floor <br><br> City: Los Angeles  State: CA  ZIP: 90025 | 6. Total number of applications and patents involved: **1** <br><br> 7. Total Fee (37 CFR 3.41)......$ 40.00 <br> ☒ Enclosed <br> ☐ Authorized to be charged to deposit account <br><br> 8. Deposit Account Number: <br> 02-2666 <br> (Attach duplicate copy of this page if paying by deposit account) |
|---|---|

05/17/2000 JSHABAZZ 00000027 09295577
01 FC:581                40.00 OP        DO NOT USE THIS SPACE

9. Statement and signature.
   To the best of my knowledge and belief, the foregoing is true and correct and any attached copy is a true copy of the original document.

   Thomas M. Coester, Reg. No. 39,637      *Thomas Coester*         4/24/00
   Name of Person Signing                  Signature                Date

   Total number of pages including cover sheet, attachments, and document: **3**

Mail documents to be recorded with required cover sheet information to:
Assistant Commissioner of Patents, Box Assignments
Washington, D.C. 20231

Attorney Docket No. **004456.P001**
(5/27/97)

Complaint, Exh. D, p.23

Attorney's Docket No.: 004456.P001

# ASSIGNMENT
(For Execution Prior To Filing Patent Application)

In consideration of good and valuable consideration, the receipt of which is hereby acknowledged, we, the undersigned:

### Richard A. Halavais; Tony C. Chung

hereby sell, assign, and transfer to:

### MS Intergate, Inc.

a corporation of <u>Nevada</u>, having a principal place of business at <u>5100 East La Palma Avenue, Suite 202, Anaheim Hills, California 92807</u>, ("Assignee"), and its successors, assigns, and legal representatives, the entire right, title, and interest for the United States and all foreign countries, in and to any and all improvements that are disclosed in the application for the United States patent that has been executed by the undersigned prior hereto or concurrently herewith on the dates indicated below and is entitled:

### INDIVIDUAL SEAT SELECTION TICKETING AND RESERVATION SYSTEM

and in and to said application and all divisional, continuing, substitute, renewal, reissue, and all other patent applications that have been or shall be filed in the United States and all foreign countries on any of said improvements; and in and to all original and reissued patents that have been or shall be issued in the United States and all foreign countries on said improvements; and in and to all rights of priority resulting from the filing of said United States application;

agree that said Assignee may apply for and receive a patent or patents for said improvements in its own name; and that, when requested, without charge to, but at the expense of, said Assignee, its successors, assigns, and legal representatives, to carry out in good faith the intent and purpose of this Assignment, the undersigned will execute all divisional, continuing, substitute, renewal, reissue, and all other patent applications on any and all said improvements; execute all rightful oaths, assignments, powers of attorney, and other papers; communicate to said Assignee, its successors, assigns, and representatives all facts known to the undersigned relating to said improvements and the history thereof; and generally assist said Assignee, its successors, assigns, or representatives in securing and maintaining proper patent protection for said improvements and for vesting title to said improvements, and all applications for patents and all patents on said improvements, in said Assignee, its successors, assigns, and legal representatives; and

covenant with said Assignee, its successors, assigns, and legal representatives that no assignment, grant, mortgage, license, or other agreement affecting the rights and property herein conveyed has been made to others by the undersigned, and that full right to convey the same as herein expressed is possessed by the undersigned.

**Each Inventor: Please Sign and Date Below:**

Each inventor: Please also list the date that you signed the accompanying DECLARATION & POWER OF ATTORNEY

| Date | Name | Date |
|---|---|---|
| 4/14/2000 | Richard A. Halavais | 4/14/2000 |
| 4/14/2000 | Tony C. Chung | 4/14/2000 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Assignment Document Return Address:
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN
12400 Wilshire Blvd., Seventh Floor
Los Angeles, CA 90025-1026
Telephone: (310) 207-3800

# EXHIBIT E

# FINANCIAL SETTLEMENT CONCERNING SEPARATION AGREEMENT

THIS AGREEMENT ("AGREEMENT") is made and entered into as of the date last below written by and between MS INTERGATE, INC., a Nevada corporation (the "Employer") and RICHARD A. HALAVAIS (the "Employee"). Employer and Employee are herein also sometimes collectively referred to as the "Parties" or individually as a "Party".

## RECITALS

A. WHEREAS, on or about May 3, 2000, Employee and Employer entered into that certain Separation Agreement, a copy of which is attached hereto as Exhibit "A"; and

B. WHEREAS, Employee has expressly requested that Employer pay to Employee, upon execution of this Settlement, a set lump sum in full settlement of all of Employers financial obligations under the Settlement Agreement.

C. WHEREAS, Employee and Employer mutually desire to enter into this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants, conditions and promises herein contained, and other good and valuable consideration the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. Upon the execution hereof and the payment by Employer to the Employee of the sum of Thirty Thousand Dollars ($30,000.00), less (i) all applicable state and federal withholding requirements, and (ii) One Thousand Seven Hundred Ten Dollars ($1,710.00) per month (which Employer shall forward to the San Diego Count District Attorneys Office Bureau of Child Support Enforcement pursuant to a letter dated January 26, 2000 received by Employer from the San Diego County District Attorneys Office enclosing a copy of a Wage and Earnings Assignment Order, herein the "Garnishment"), the Parties hereto agree and acknowledge that all of Employer's financial obligations to pay money to Employee (including but not limited to, those obligations to pay money described in paragraph 4 of the Separation Agreement), shall be and are hereby fully satisfied and no further payments shall be due to Employee from Employer.

2. All other terms of the Separation Agreement shall remain full force and effect.

**EMPLOYEE REPRESENTS AND AGREES THAT HE FULLY UNDERSTANDS HIS RIGHT TO DISCUSS ALL ASPECTS OF THIS AGREEMENT WITH A PRIVATE ATTORNEY, THAT TO THE EXTENT, IF ANY, THAT EMPLOYEE DESIRED, EMPLOYEE HAS AVAILED HIMSELF OF THIS RIGHT, THAT EMPLOYEE HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL OF THE PROVISIONS OF THIS**

Employer's Initials
Employee's Initials

- 1 -

AGREEMENT AND THAT EMPLOYEE IS VOLUNTARILY ENTERING INTO THIS AGREEMENT.

    IN WITNESS WHEREOF, the Parties have executed this Agreement on the date(s) set forth hereinafter.

EMPLOYEE

Date: 6/2, 2000

RICHARD A. HALAVAIS

EMPLOYER

Date: 6/2, 2000

MS INTERGATE, INC., a Nevada corporation

By: _____
Milford Skane, President

Employer's Initials
Employee's Initials

# EXHIBIT F

## STOCK TRANSFER AGREEMENT

THIS STOCK TRANSFER AGREEMENT ("AGREEMENT") is made and entered into as of June 29, 2000 by and between MS INTERGATE, INC., a Nevada corporation (the "MSI"), INTERNET INVESTMENT GROUP, INC., a Nevada corporation whose address is 4729 Lomas Santa Fe Street, Las Vegas, Nevada, 89147 ("IIG") and RICHARD A. HALAVAIS (the "Halavais"). MSI, IIG and Halavais are herein also sometimes collectively referred to as the "Parties" or individually as a "Party".

### RECITALS

A. WHEREAS, Halavais is the sole shareholder of IIG (sometimes herein Halavais's Company"); and

D. WHEREAS, IIG desires to sell 2,000,000 shares of the common stock of MSI to MSI; and

E. WHEREAS, MSI desires to redeem 2,000,000 shares of MSI common stock currently held by IIG all on terms as set forth herein.

NOW, THEREFORE, in consideration of the mutual covenants, conditions and promises herein contained, and other good and valuable consideration the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Purchase and Sale of Stock.** In exchange for the payment by MSI to Halavais or Halavais' Company of the sum of Two Thousand Dollars ($2000.00), the receipt of which is hereby acknowledged, Halavais agrees to cause Halavais's company to transfer, assign and set over to MSI 2 Million shares of MSI common stock, being a portion of those shares currently evidenced by certificate #323, and in connection therewith has, as of June 29, 2000, endorsed and executed certificate #323 effecting such transfer of 2 Million shares of common stock from IIG to MSI, and agrees to endorse and execute any and all additional documents as may be necessary and appropriate to cause said 2 Million shares of the outstanding common stock of the MSI currently held by IIG to be transferred back to the MSI. Following the transaction described herein, IIG will then own only Three Hundred Seventy Five Thousand (375,000) shares of MSI common stock; accordingly, MSI will deliver to IIG a new certificate evidencing 375,000 shares of the common stock of MSI.

2. **Representations and Warranties of Halavais.** Halavais represents and warrants, for himself, and on behalf of IIG, the following:

    (a) Neither Halavais nor Halavais's Company has assigned, encumbered or otherwise hypothecated any of MSI's common stock held by Halavais or Halavais's Company.

- 1 -

(b) Halavais has strictly followed any and all directions of any and all of his physicians, including, but not limited to, the taking of medication and treatment, from time to time recommended and/or prescribed any and all of Halavais's physicians or other treatment professionals.

(c) Halavais is of sound mind, capable of understanding each and every term of this Agreement and capable of entering into this Agreement.

3. **Binding.** This Agreement, and all the terms and provisions hereof, shall be binding on the Parties and their respective heirs, legal representatives, successors and assigns, and shall inure to the benefit of the Parties and their respective heirs, legal representatives, successors and assigns.

4. **Counsel.** This Agreement in all respects has been voluntarily and knowingly executed by the Parties and that each has had an opportunity to consult with legal counsel.

5. **Entire Agreement.** The Parties acknowledge that they have read this Agreement, that they are relying solely upon the contents of this Agreement, and are not relying upon any other representations, warranties, or inducements whatsoever as an inducement to enter into this Agreement, other than those referenced herein, and acknowledge that no representations, warranties, or covenants have been made, which are not referenced in this Agreement. This Agreement constitutes the entire agreement between the Parties who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, whether oral or in writing, express or implied, between either of the Parties to this Agreement. No purported supplements, modifications, waivers, or terminations of this Agreement shall be valid or binding unless it is in writing and is executed by both Parties to this Agreement.

6. **Attorney's Fees.** In the event litigation is necessary to enforce any of the rights and obligations set forth in this Agreement, the prevailing party in any such litigation shall be entitled to an award of his or its actual attorneys' fees. As used in this Paragraph 6, the term litigation shall include, without limitation, any and all negotiations and communications prior to the filing of any complaint in any state or federal court, concerning a dispute arising under this Agreement. As used in this Paragraph 6, the term "prevailing party" shall mean the party to such litigation who obtains a final judgment or award in his or its favor.

7. **Governing Law.** This Agreement shall be construed and enforced in accordance with the laws of the State of California.

MSI's Initials _____
Halavais's Initials _____

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

_____
RICHARD A. HALAVAIS

INTERNET INVESTMENT GROUP, INC.,
a Nevada corporation

By: _____
Richard A. Halavais, President

MS INTERGATE, INC.,
a Nevada corporation

By: _____
Milford Skane, President

MSI's Initials _____
Halavais's Initials _____

# EXHIBIT G

4/14/2005

Sale of Stock back to MS InterGATE Inc by Richard Halavais

Address: _409 Cougar Way_
_Beaumont CA 92223_

I Richard Halavais do surrender to MS InterGATE Inc, my stock Certificate #347 for Par Value of $0.001 US per share minus the certificate re-issuance fee of $35.00 dollars US. I am of age and sound mind and do this transaction of my own free will. I understand that MS InterGATE and it's officers and directors have complied with all requirements and have not tried to influence me to sell my shares in any way. I also understand and agree to a 7 (seven) day cooling off period in the chance there is a change of mind. I accept the payment in the form of a company check in the amount of $340.00 dollars US in exchange for my remaining 375,000 (three hundred seventy thousand) shares and certificate #347. I also affirm that I no longer have any ownership in or claim against MS InterGATE Inc. from this day forward.

_[signature]_  _4/14/05_
Richard Halavais     Date: 4/14/2005

Witnessed by:

_[signature]_   _4/14/05_
Milford Skane    Date: 4/14/2005

_[signature]_   _04/14/2005_
Tony Chung    Date: 4/14/2005