McDERMOTT WILL & EMERY LLP
FAY E. MORISSEAU (Bar No. 159931)
fmorisseau@mwe.com
DANIEL R. FOSTER (Bar No. 179753)
dfoster@mwe.com
GREG D. YODER (Bar No. 274702)
gyoder@mwe.com
18191 Von Karman Avenue, Suite 500
Irvine, California  92612
Telephone:   (949) 851-0633
Facsimile:   (949) 851-9438

Attorneys for Plaintiff
CEATS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CEATS, INC.,<br><br>            Plaintiff,<br><br>       v.<br><br>RICHARD HALAVAIS,<br><br>            Defendant. | CASE NO. SACV11-0190 DOC (MLGx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN  SUPPORT OF CEATS' MOTION FOR AN ORDER HOLDING DEFENDANT HALAVAIS IN CONTEMPT**<br><br>Date of Hearing:   September 12, 2011<br>Time of Hearing:   8:30 a.m.,<br>Location:              Courtroom 9D |

Plaintiff CEATS, Inc. respectfully moves the Court for an Order holding Defendant Richard Halavais in contempt.

On April 28, 2011, this Court ordered that before the Scheduling Conference, the parties "shall fully comply with the letter and spirit of Rule 26(a)."  (Dkt. No. 27).  The Scheduling Conference has come and gone.  Despite repeated requests, Mr. Halavais has refused to make his Rule 26(a) disclosures.  Instead, Mr. Halavais has demanded that CEATS pay him $250,000 plus $5,000 a week for life (or for 15 years, whichever comes first) for the identification of the people Mr. Halavais asserts have knowledge of the parties' claims and defenses.

Mr. Halavais' refusal to comply with the Court's April 28, 2011 Order and his attempt to sell witness information both manifest contempt for this Court and its

processes. Mr. Halavais' contempt warrants terminating sanctions, at a minimum.

## STATEMENT OF THE CASE

CEATS filed this action on February 2, 2011. (Dkt. No. 1). CEATS seeks a declaratory judgment that CEATS is the owner of certain United States patents and that Mr. Halavais has no ownership interest in those patents. *Id.* CEATS filed the action in response to an arbitration complaint that Mr. Halavais filed with the JAMS dispute resolution service against CEATS, MS Intergate, Inc. (the patents' owner immediately prior to CEATS), and Milford Skane, a principal of both CEATS and MS Intergate. CEATS has never had any contractual relationship with Mr. Halavais and never agreed to arbitrate any dispute with him. In any event, the arbitration has been terminated. Exhibit 1 to Declaration of Daniel R. Foster ("Foster Decl."). Mr. Halavais was initially represented by counsel, but his attorneys withdrew. (Dkt. No. 21). Acting *pro se*, Mr. Halavais filed an answer on April 15, 2011. (Dkt. No. 31). In his answer, Mr. Halavais asks to be declared the rightful owner of the patents.

The Court has set a December 23, 2011 discovery cut-off. A jury trial has been scheduled for June 12, 2012. (Dkt. No. 38).

## STATEMENT OF FACTS

1. On April 18, 2011, the Court issued an Order setting the scheduling conference for July 18, 2011. (Dkt. No. 27). The Court ordered: "Unless there is a likelihood that upon motion by a Party the Court would order that any or all discovery is premature, the Court encourages parties to begin discovery before the Scheduling Conference. The parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery, because at the Scheduling Conference the Court will impose tight deadlines on discovery." *Id.* at 2.

2. Mr. Halavais' theory of the case is opaque to CEATS. However, Mr. Halavais has told CEATS that there are various witnesses with knowledge relevant

1  to the claims and defenses.  Specifically, on June 14, 2011, Mr. Halavais stated by
2  e-mail to CEATS' counsel Michael S. Nadel:  "Under patent law I own the basic
3  invention and what Skane should have patented was a sub of that invention. I can
4  easily prove this through testimony of three attorneys, two psychiatrists, three
5  friends, a financial adviser and two relatives, all of whom I confidentially disclosed
6  the seating invention to in the summer of 1995, two years before even meeting
7  Skane."  Foster Decl., Ex. 2.

8      3.    CEATS is the plaintiff in a patent infringement action in the U.S.
9  District Court for the Eastern District of Texas styled *CEATS, Inc. v. Continental*
10 *Airlines, Inc. et al.*, No. 6:10-cv-120-LED.  Alan Littmann, counsel for one of the
11 defendants in that action, Tickets.com, Inc., has been in regular communication
12 with Mr. Halavais.  In his June 14, 2011 e-mail message, Mr. Halavais mused about
13 selling the identification of his witnesses in the instant case to Mr. Littmann, who
14 Mr. Halavais believes could use them in the Texas litigation.  Mr. Halavais wrote:
15 "The question is: If I provide you with contact information for my witnesses do you
16 have to provide that information to Alan Littmann and will I too be required to
17 provide him the same information?  The next question is what will the Patent and
18 Trademark Office do about the patents? They can simply void the patents, a likely
19 outcome, in which case nobody gets anything from your lawsuit, defendants prevail
20 and we all lick our wounds. Alternatively, I sell these contacts to Alan, he uses
21 them to void the patents, I get paid some money and you and Skane get nothing,
22 defendants prevail. The last alternative is one I'll be more comfortable discussing in
23 person since I don't know if this correspondence is discoverable."  Foster Decl., Ex.
24 2.

25     4.    Mr. Halavais raised the "last alternative" during the parties' Rule 26(f)
26 conference, for which CEATS' counsel journeyed to Mr. Halavais' medical facility
27 in Banning.  Mr. Halavais told undersigned counsel for CEATS that he would sell
28 the identification of his witnesses in the instant action for $100,000 plus $5,000 per

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF CEATS' MOTION FOR AN ORDER   - 3 -   (No. SACV11-0190 DOC (MLGX))
HOLDING HALAVAIS IN CONTEMPT

1  month for life.  Needless to say, CEATS will have no part of this and told Mr.
2  Halavais the same.  Mr. Halavais said he had made the same offer to Tickets.com's
3  counsel Alan Littmann.  Foster Decl.

4      5.    CEATS provided Mr. Halavais with its Rule 26(a) disclosures prior to
5  the July 18, 2011 Scheduling Conference.  Foster Decl., Ex. 3.

6      6.    Mr. Halavais has not served CEATS with Rule 26(a) disclosures,
7  notwithstanding this Court's Order.  Foster Decl.

8      7.    Mr. Halavais failed to appear at the July 18, 2011 Schedule
9  Conference, citing medical difficulties.  Foster Decl., Ex. 4.

10     8.    On July 21, 2011, Mr. Halavais wrote to undersigned counsel for
11 CEATS and stated: "BTW the price for my witneses (sic) names and contact
12 information has gone up. Currently the offer is $250K and $5,000 a month for life
13 or 15 years, whichever comes first."  Foster Decl., Ex. 5.

14     9.    The Court has assigned U.S. Magistrate Judge Marc L. Goldman to
15 preside over a settlement conference in this case.  CEATS promptly informed
16 Magistrate Judge Goldman's chambers of Mr. Halavais' efforts to sell his initial
17 disclosures. Foster Decl., Ex 8.

18     10.    On July 30, 2011, Mr. Halavais sent Magistrate Judge Goldman a
19 rambling letter in which he stated, in part: "Insofar as plaintiff claims concerning
20 discovery, my witnesses to my having invented the seating application in 1995 and
21 having confidentially disclosed it to Milford Skane in 1999 constitutes intellectual
22 property to which I have a very substantial financial interest and 1) I have not
23 received a demand for discovery from plaintiff and 2) if such a demand were made
24 I would vigorously defend against having to disclose the information considering
25 the financial ramifications of such a disclosure and plaintiff's proven propensity to
26 misunderstand and misstate the facts."  Foster Decl., Ex. 9.

# ARGUMENT

The Court may treat the refusal to obey the Court's order as contempt. *Sunrider Corp. v. Bountiful Biotech Corp.*, No. 8:08-cv1339, 2010 U.S. Dist. LEXIS 117346, at *16 (C.D. Cal. Nov. 3, 2010). "However, because there is a strong preference for adjudicating cases on their merits, courts may only dismiss a case or enter a default judgment as a sanction where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Id.* (citing *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)).

In order to make determinations about the party's conduct, a court may "make inferences and credibility determinations from evidence received." *Wyle v. R.J. Reynolds Indus.*, 709 F.2d 585, 592 (9th Cir. 1983). The Supreme Court has clarified that a district court has the inherent power to issue sanctions to parties who act in bad faith. *See Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991). As the Ninth Circuit explained, "bad faith" accounts for "a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

Here, Mr. Halavais was ordered by the Court to make his initial disclosures. Mr. Halavais was required to provide identification and contact information of every individual likely to have discoverable information that he may use to support his claims and defenses. FED. R. CIV. P. 26(a)(1)(A)(i). He has refused. If that were Mr. Halavais' only misconduct, perhaps it could be addressed by a lesser sanction than terminating sanctions. But Mr. Halavais' refusal to comply with an Order of this Court is only the beginning. He has attempted to *sell* to the highest bidder the information that he has been ordered to disclose. His current price is $250,000 plus $5,000 per month for life or 15 years, whichever comes first. He says that he will sell such information to CEATS or, alternatively, he will sell it CEATS' opponents in the Texas litigation. This is an affront to the system of civil justice, and it is within this Court's authority to punish Mr. Halavais accordingly.

## CONCLUSION

Accordingly, CEATS respectfully requests that the Court hold Mr. Halavais in contempt and order terminating sanctions, granting judgment in favor of CEATS.

Dated: August 8, 2011

Respectfully submitted,

By: /s/ Daniel R. Foster
DANIEL R. FOSTER
McDERMOTT WILL & EMERY LLP
FAY E. MORISSEAU
DANIEL R. FOSTER
GREG D. YODER
Attorneys for Plaintiff CEATS, INC.

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within-entitled action. My business address is 18191 Von Karman Avenue, Suite 500, Irvine, CA 92612 . I served a copy of the foregoing as follows:

☐ I electronically filed the with the Clerk of the Court using the CM/ECF system/

☐ By transmitting via electronic mail the document(s) listed above to the email addresses set forth below on this date.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below:

Mr. Richard Halavais
Cherry Valley Health Care
5800 W. Wilson, Room 113A
Banning, CA 92220

☐ By Personal Service: I served a true copy to each person[s] named at the address[es] shown.

☐ By Federal Express: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for delivery by Federal Express. Pursuant to that practice, envelopes placed for collection at designated locations during designated hours are delivered to Federal Express with a fully completed air bill, under which all delivery charges are paid by McDermott Will & Emery LLP, that same day in the ordinary course of business

Executed on August 8, 2011 at Irvine, California.

    /s/ Daniel R. Foster
    Daniel R. Foster

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CEATS' MOTION FOR AN ORDER HOLDING HALAVAIS IN CONTEMPT**     - 7 -     (No. SACV11-0190 DOC (MLGX))