```
 1 │ Richard A. Halavais, Room 405
   │ Cherry Valley Medical Facility
 2 │ 5800 W. Wilson
   │ Banning, California 92220
 3 │
   │ Defendant in Pro Se
 4 │
 5 │
 6 │
 7 │
 8 │              UNITED STATES DISTRICT COURT
 9 │              CENTRAL DISTRICT OF CALIFORNIA
10 │
11 │ CEATS, INC.,                    )  Case No.  8:11-cv-00190 DOC(MLGx)
                                     )
12 │             Plaintiff,          )  DECLARATIONS IN RESPONSE TO
                                     )  PLAINTIFF'S MOTION FOR CONTEMPT
13 │ vs.                             )
                                     )
14 │ RICHARD HALAVAIS,               )  E-filed October ___, 2011 @
                                     )  __:____ __.m.
15 │             Defendant.          )
                                     )  [Ordered submitted without oral
16 │                                 )  argument by order entered
                                     )  09/26/11]
17 │ _____
   │ ///
18 │
   │ ///
19 │
   │ ///
20 │
21 │
...
28 │
```

**DECLARATION OF COBY R. HALAVAIS**

I, Coby R. Halavais, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and in this Federal District Court. I have personal knowledge of the following matters and, if called upon to testify thereto, I could and would do so competently and truthfully.

2. I am the son of Defendant, Richard Halavais, although, until very recently, we have not spoken in more than 10 years and I had lost track of his whereabouts; although I was aware that he had suffered a stroke several years ago which left him physically incapacitated.

3. On or about September 27, 2011, I logged onto PACER to check status on a case I am handling in the Los Angeles Division (In re Koiman, 2:10-cv-09811 JAK). In doing so, I typed my last name into the search field whereupon the search results showed this case to be pending under Richard Halavais.

4. Curious, I opened the docket and began to review the various Court filings herein. Although I was aware that my father held many patents, I was not aware of what they were nor did it seem a matter of my concern.

5. As to this case, the docket shows that Richard had initially retained counsel but that he had to withdraw due to a conflict and that Richard was thereafter trying to handle the matter in pro per; first by filing his Answer and then a Motion to Compel Arbitration (which was rejected for filing deficiencies).

6. After the aforesaid docket activity, it appears that Richard was no longer participating in the action. I then reviewed the Plaintiff's Motion for Contempt, in which they ask that the

Court affirm their ownership of the patents at issue here simply because Richard had refused to participate in the initial Rule 26 disclosures.

7. My further research disclosed that the patents at issue here relate to an internet driven method by which airline passengers and concert and theater goers can select and reserve their individual seats on a flight or in a venue. Obviously, this would be a patent holding great value. I have also found that patents at issue are currently being litigated by CEATS in the Texas District Court in the matter of CEATS v. Continental Airlines, *et al.* (6:10-cv-00120-LED).

8. As such, I began to consider the possibility of seeking a conservator for Richard so that counsel could be retained on his behalf and that his interests in these patents could be properly considered and preserved.

9. To that end, I sent an e-mail to counsel for Plaintiffs on Monday, October 3, 2011 in which I introduced myself, advised that I was investigating the matter and that I may be seeking to retain counsel on Richard Halavais' behalf and asking that they either withdraw the Motion for Contempt or at least advise the District Court of my communication. Counsel for Plaintiffs responded to that e-mail stating that they intended to proceed with the Motion for Contempt. True and correct copies of the chain of e-mails is attached hereto marked as Exhibit "A" and made a part hereof by this reference.

10. In reviewing the Motion for Contempt, I also found an e-mail address for Richard and on Tuesday, October 4, 2011, I sent an e-mail to Richard inquiring as to whether he wished to discuss this

matter and his apparent need for legal representation. To my surprise, Richard responded within an hour advising that he was unable to speak due to his stroke but that he would welcome any help I could provide. Since that day, he and I have exchanged 15-20 e-mails per day in an effort to explain and evaluate his claims in this action and whether this would be a matter appropriate for my firm or an associate to take on.

11. At present, I have arranged and obtained a commitment for attorney Bruce Menke, with whom I have worked for over 15 years, to take on representation but still need to work out terms of compensation.

12. Also, due to the patent issues involved, I have arranged for attorney Calvin Yap of Wang, Hartmann, Gibbs & Cauley, P.L.C. to review the filings in this case and the various filings at the U.S. Patent Office. Mr. Yap has a patent litigation team and is quite familiar with the law in these matters. I am scheduled to meet with Mr. Yap at his Newport Beach office tomorrow, Friday, October 7, 2011, to discuss and review his findings and the possible retention of his law firm as litigation counsel here.

13. In light of the above, I request that the court defer ruling on Plaintiff's Motion for Contempt until such time as I can arrange for counsel to enter an appearance on behalf of Richard after which time we will ensure that the proper Rule 26 disclosures are made and will fully comply with the Court rules of procedure. I would expect that counsel can be formally retained, substitute into the case, conduct a thorough review of Richard's files (which span over 16 years) and provide the necessary Rule 26 disclosure in the next 30 days.

I declare under penalty of perjury that the foregoing is true and current and that this declaration is executed this 6th day of October, 2011, at Lake Forest, California.

/s/ Coby Halavais
Coby R. Halavais

**DECLARATION OF RICHARD A. HALAVAIS**

I, Richard A. Halavais, declare and state as follows:

1. I am the Defendant in the foregoing cause and have personal knowledge of the following matters. If called upon to testify thereto, I could and would do so competently and truthfully.

2. I am 73 years old and living at a complete care medical facility due to several strokes I have suffered over the past several years- all of which have resulted in severe debilitation of my physical abilities and an almost complete loss of vocal ability. Moreover, I have very limited financial resources and am unable to afford an attorney to adequately represent me in this matter.

3. I am retired from aerospace engineering where I worked for and consulted to NASA, the Department of Defense, the Naval Undersea Warfare Center and numerous private companies. My work involved considerable interaction with what started as ARPAnet and which is now known as the Internet. I worked on projects as diverse as the X-15 Rocket Plane, the CURV (Cable Controlled Underwater Recovery Vehicle), which recovered the H Bomb lost after an airborne collision off Spain in 1965, the Viking Mars Lander, numerous satellites including OAO, Advent, Nimbus, Hope, SARsat, and many more. I worked on the Redstone rocket, the Atlas missile, Thor, Jupiter and Saturn rockets. I worked on the Mercury, Gemini and Apollo projects and numerous manned space flights, including the Apollo/Soyuz mission with Deke Slayton. I worked on the Shuttle program and later several classified space programs. I was President of Starfind, Inc. developing a satellite based patented geolocation system for DARPA and the Army. I hold more than 100

1  domestic and foreign patents.  After my retirement, in 1990 I
2  started an ISP (Internet Service Provider), Internet Investment
3  Group, Inc., where we wrote web sites, hosted Internet web sites,
4  did computer networking, SEO (Search Engine Optimization),
5  basically all things Internet.  My first computer was in 1965, a
6  Clary DB600.  Primitive by today's standards but state-of-the-art
7  back then.
8       4.   In the summer of 1995, I created the idea of CYBERseats
9  where a user of the system could see an image of the seating at a
10 venue, he could see his view from that/those seats, he could select
11 the seats he wants, reserve them, pay for them all on-line.  This
12 concept was later registered with the U.S. Patent office and
13 several patents issued relating thereto.  These patents have been
14 misappropriated and stolen from me by Milford Skane, a principal
15 officer of CEATS, Inc..
16      5.   This action was filed by CEATS, Inc., after I initiated
17 an arbitration request with JAMS.  Although I was able to initially
18 retain counsel, Lawrence Hilton, to represent me in this action, he
19 had to withdraw due to a conflict of interest.  Since then, I have
20 attempted to handle this matter in pro per as I have been unable to
21 locate a new attorney due both to my physical condition (and
22 inability to speak) and limited financial resources.  This has been
23 a struggle as I have no legal training and have to rely largely on
24 advice and commentary I find on the internet.
25      6.   There is a related matter of CEATS v. Continental
26 Airlines, *et al.*, pending in the Texas District Court.  In that
27 action, CEATS, Inc. is attempting to assert patent infringement
28 claims against various airlines and ticketing agencies utilizing

the patents which rightfully belong to me. I have been contacted by counsel for Continental Airlines, among other defendants in that action, asking that I provide information and deposition testimony.

7. In this action, I did receive requests to provide documents and the names of potential witnesses from counsel for CEATS but I perceived that to be an attempt by them to obtain information relevant to the Texas litigation. As such, I resisted their efforts and may have been overly argumentative and testy. In doing so, it was not my intention to violate a court order or to otherwise offend the Court.

8. Earlier this week, I was contacted by my son, Coby Halavais, who is an attorney in Orange County, inquiring about this matter. I immediately responded and, since then, we have exchanged 15-20 e-mails per day in an effort to explain and evaluate my claims in this action.

9. It is my understanding that Coby is working with several attorneys in an effort to evaluate these claims and to possibly secure legal representation for me in this matter. Coby has also explained to me that information relating to the action (documents, names and location of potential witnesses, etc.) is required to be disclosed to the adverse party under the Federal Rules of Civil Procedure and I am willing to cooperate and to provide that information once an attorney is hired.

10. In light of the above, I ask that Court defer ruling on Plaintiff's Motion for Contempt until such time as I can comply with the necessary Rule 26 disclosures.

11. As to my signature, I am unable to sign my name and have therefore provided the electronic signature which appears below.

I declare under penalty of perjury that the foregoing is true and current and that this declaration is executed this 6th day of October, 2011, at Banning, California.

                                    /s/ Richard Halavais
                                    Richard Halavais

**EXHIBIT A**

Print | Close Window

Subject: Re: email from Halavais' son
From: "Nadel, Michael" <mnadel@mwe.com>
Date: Tue, Oct 04, 2011 2:08 pm
To: "<coby@halavaislaw.com>" <coby@halavaislaw.com>
Cc: "Morisseau, Fay" <fmorisseau@mwe.com>, "Foster, Daniel" <dfoster@mwe.com>, "Yoder, Gregory" <Gyoder@mwe.com>

We will welcome their appearance. Thanks.

---
Michael S. Nadel
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
Office: 202.756.8113
Mobile: 703.231.8608

On Oct 4, 2011, at 5:01 PM, <coby@halavaislaw.com> wrote:

> Michael,
>
> Thank you for the response but I believe that you perceive to be "contempt" is more a function of his failure to understand or appreciate the initial disclosure requirements of Rule 26. In any event, I am discussing the matter with several associates and believe that we will be providing counsel for Richard in the next few days.
>
> Thank you,
> Coby R. Halavais, Esq.
> Halavais & Associates, APC
> 1 Orchard Rd., Suite 110
> Lake Forest, California 92630-8315
> (949) 305-8903
> (949) 305-8406 fax
>
> **************************************************************
> This message may contain confidential or proprietary information intended only for the use of the
> addressee(s) named above or may contain information that is legally privileged. If you are
> not the intended addressee, or the person responsible for delivering it to the intended addressee,
> you are hereby notified that reading, disseminating, distributing or copying this message is strictly
> prohibited. If you have received this message by mistake, please immediately notify us by
> replying to the message and delete the original message and any copies immediately thereafter.
>
> Thank you.
> **************************************************************
>
>
> -------- Original Message --------
> Subject: Re: email from Halavais' son
> From: "Nadel, Michael" <mnadel@mwe.com>
> Date: Tue, October 04, 2011 1:59 pm
> To: "coby@halavaislaw.com" <coby@halavaislaw.com>
> Cc: "Morisseau, Fay" <fmorisseau@mwe.com>, "Foster, Daniel"
> <dfoster@mwe.com>, "Yoder, Gregory" <Gyoder@mwe.com>
>
> Coby,
>
> Thank you for your message.
>
> CEATS declines to withdraw the pending motion to hold Richard Halavais in contempt. As you will see from the motion, the motion is unrelated to Richard Halavais' health or his limited financial resources. Rather, it is based on his failure to comply with his initial disclosure obligations and his attempt to sell his witness information. His health allows him to write the e-mails attached to the motion, so it surely allows him to disclose individuals with knowledge of his claims. His health also apparently allows him to sit for deposition in CEATS, Inc. v. Continental Airlines, Inc., No. 6:10-cv-120 (E.D. Tex.), which he has agreed to do on October 18-19 at the request of the
>
> defendants in that case. His supposedly limited financial resources did not prevent him from initiating this dispute with CEATS filing an arbitration complaint while represented by two sophisticated law firms. Richard Halavais is in contempt of the court, and the court should so find.
>
> Please feel free to call me directly if you would like to discuss this.
>
> Thanks.

---

*Michael S. Nadel*
*McDermott Will & Emery LLP*
*600 Thirteenth Street, N.W.*
*Washington, D.C. 20005*
*Office: 202.756.8113*
*Mobile: 703.231.8608*

---

**From:** coby@halavaislaw.com [mailto:coby@halavaislaw.com]
**Sent:** Monday, October 03, 2011 9:52 AM
**To:** Morisseau, Fay; Foster, Daniel; Yoder, Gregory
**Subject:** Ceats v. Halavais (USDC No. SA CV-11-0190 DOC)

Counsel,

By way of introduction, I am the son of Richard Halavais and recently became aware of the above matter when checking PACER for status on one of my own cases. In reviewing the docket, it is apparent that Richard is unable to adequately address this matter owing his health and limited financial resources. As I am aware that Richard holds a number of patents and other items of intellectual property (the full extent of which I am not really aware), I will be meeting with a few potential probate attorneys for the purpose of seeking appointment of a conservator and entering an appearance in this action. I expect to be filing that application within the next week or two.

In light of this, I would ask that you advise the District Court of my communication above and that you either withdraw the pending application for contempt or request that the District Court defer ruling on same until a conservator can be appointed, meet with Richard to determine his position and then enter an appearance in the foregoing matter.

Thank you in advance for your prompt attention to this matter and, if you wish to discuss the matter further, please feel free to call me.

Thank you,
Coby R. Halavais, Esq.
Halavais & Associates, APC
1 Orchard Rd., Suite 110
Lake Forest, California 92630-8315
(949) 305-8903
(949) 305-8406 fax

******************************************************************************
This message may contain confidential or proprietary information intended only for the use of the
addressee(s) named above or may contain information that is legally privileged. If you are not the intended addressee, or the person responsible for delivering it to the intended addressee,
you are hereby notified that reading, disseminating, distributing or copying this message is strictly
prohibited. If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message and any copies immediately thereafter.

Thank you.
******************************************************************************

******************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

---

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
******************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

Copyright © 2003-2011. All rights reserved.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 1 Orchard Rd., Suite 110, Lake Forest, California 92630-8315.

On October 6, 2011, I served the document described as **DECLARATIONS IN RESPONSE TO PLAINTIFF'S MOTION FOR CONTEMPT** on all interested parties in this action as follows:

**VIA THE COURT'S CM/ECF SYSTEM**

Pursuant to controlling General Order(s) and Local Rule(s), the foregoing document will be served by the court via NEF and hyperlink to the document.

On October 6, 2011, I checked the CM/ECF docket for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

1) Attorneys for Plaintiff

Daniel R Foster
McDermott Will and Emery LLP
18191 Von Karman Avenue Suite 500
Irvine, CA 92612-7108
Email: dfoster@mwe.com

Fay E Morisseau
McDermott Will & Emery
18191 Von Karman Avenue Suite 400
Irvine, CA 92612-0187
Email: fmorisseau@mwe.com

Gregory Yoder
McDermott Will & Emery LLP
18191 Von Karman Avenue Suite 500
Irvine, CA 92612
Email: gyoder@mwe.com

Michael S Nadel
McDermott Will & Emery LLP
600 13th Street NW
Washington, DC 20005-3096
Email: mnadel@mwe.com

    I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

    Executed on October 6, 2011, at Lake Forest, California.

                                             /s/
                                   Coby R. Halavais