**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS - 6

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-0190 DOC (MLGx)                                                    Date: March 7, 2012

Title: CEATS, INC. V. RICHARD HALAVAIS

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                            NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING TERMINATING SANCTIONS AGAINST DEFENDANT HALAVAIS AND ENTERING JUDGMENT IN FAVOR OF PLAINTIFF CEATS, INC

Pending before the Court since August 8, 2011 has been Plaintiff Ceats, Inc's ("Ceats") Motion for Contempt against Defendant Richard Halavais ("Halavais") ("Motion for Contempt") (Docket 41). By way of background, Ceats seeks a declaratory judgment that Ceats is the owner of all rights, title, and interest in the seven CEATS Patents and a declaratory judgment that Halavais has no ownership interest in the CEATS Patents. Halavais contends that he still possesses an ownership interest in the CEATS Patents. Ceats seeks these declaratory judgments because Mr. Halavais attempted to institute arbitration proceedings against Ceats, which have since allegedly ceased.

Ceats' presently pending Motion for Contempt seeks terminating sanctions against Halavais for his violation of discovery orders. Among the allegations is the charge that Mr. Halavias offered to sell mandatory disclosure information to the highest bidder. The Court has deferred ruling on this motion for terminating sanctions for almost six months now - first, because Halavais was confined to the hospital and second, because Halavais' estranged son was able to retain counsel for him. The Court wished to give Mr. Menke, the newly retained attorney, a chance to comply with the Rule 26 mandatory disclosures.

The Court received a variety of motions from both Ceats and Mr. Halavais. Mr. Menke warranted that Halavais complied with all mandatory disclosure requirements. Ceats still seeks terminating sanctions because it alleges that, while pro se, Halavais said that he possessed the names of six individuals who have still not been disclosed. Mr. Menke asserts that those names are not relevant to the present case and that Ceats simply wants them because they are relevant to another of Ceats' pending cases in Texas. The Court directed the parties to resolve this Rule 26 issue in front of Magistrate Judge Goldman and to report back once Judge Goldman had issued a ruling.

The parties have still not appeared in front of Judge Goldman to resolve this Rule 26 issue. Rather, Mr. Menke sought to withdraw as counsel for Halavais because he alleged that any continued representation would violate both Federal Rule of Civil Procedure 11(b) and Rule 3-200 of the California Rules of Professional Conduct. The Court granted Mr. Menke's Motion to Withdraw on January 5, 2012.

Halavais has not appeared at any hearing before this Court since the Motion for Contempt was filed. According to Halavais, his health has prevented him from coming appearing before this Court. This Court has been extremely understanding of Halavais' health issues, as demonstrated by its refusal to rule on the contempt motion until Halavais could appear in person before Magistrate Judge Goldman to resolve the Rule 26 issue. After many months of excuses from Halavais, however, this Court began to sense that Halavais and his health issues could result in the delay of this litigation for years. Accordingly, this Court wished to ensure that Halavais' health issues were serious enough to warrant such a delay and prejudice to Ceats and that Halavais was not simply seeking to unduly delay this case.

On January 5, 2012, the Court thus required Halavais to make certain submissions to this Court, including a letter from Halavais' current physician detailing his diagnosis and estimated recovery time and a list of hospitals in which Halavais had been a patient and the dates of admission, along with Halavais' physician information at each of the hospitals. These submissions were required to determine if Halavais has been truthful to the Court about the severity of his physical condition and his physical inability to appear. The Court ordered Halavais to produce these submissions by January 20, 2012. On January 19, 2012, Halavais emailed the courtroom deputy and informed her that he would need additional time to respond. The Court thus gave Halavais until February 21, 2012 to submit the required information to the Court and, as previously ordered, to notify the Court within 24 hours of being released from any hospital. On February 27, 2012, Halavais again emailed the courtroom deputy to inform the Court that he would have the response to the Court by the end of the week. It is now March 5, 2012 and the Court has still yet to receive any submissions from Halavais. The Court has made clear in multiple orders - and specifically in its most recent order extending more time to Halavais - that failure to submit the required documents would result in terminating sanctions. In fact, the Court explicitly stated that Halavais' failure to submit the required documentation by February 21, 2012 would result in the Court granting Ceats' motion for terminating sanctions. Halavais did not even email the Court until 6 days after his deadline and now - over two weeks after the deadline - has still not submitted the documents. These actions confirm the Court's suspicion building over the past few months that Halavais is using his medical issues as an excuse to unduly delay these proceedings.

Federal Rule of Civil Procedure 37 allows for judicial discretion to impose a "wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983). Because there is a strong preference for adjudicating cases on their merits, courts may only dismiss a case or enter a default judgment as a sanction where the violation is "due to willfulness, bad faith, or fault of the party." United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir. 1988) (quoting Wyle, 709 F.2d at 589). The Ninth Circuit has consistently employed a five factor test to determine whether dismissing a case as a sanction is appropriate. The factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996). Because the first two factors almost always weigh in favor of granting default judgment and the fourth factor against granting default judgment, the key factors in determining whether a default judgment should be entered are the risk of prejudice and the availability of less drastic sanctions. See Adriana Int'l Corp. v. Lewis & Co., 913 F.2d 1406, 1412 (9thCir. 1990); Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

Dismissal is considered an appropriate response "in extreme circumstances" when a party has "engaged in conduct utterly inconsistent with the orderly administration of justice." Wyle, 709 F.2d at 589. In order to make determinations about the party's conduct, a court may "make inferences and credibility determinations from evidence received." Wyle, 709 F.2d at 592. Furthermore, the Supreme Court has clarified that a district court also has the inherent power to issue sanctions to parties or attorneys who act in bad faith. See Chambers v. NASCO, 501 U.S. 32, 45-46, n.10 (1991) (noting that district courts have the inherent authority to dismiss a lawsuit or assess attorney's fees at their discretion). As the Ninth Circuit explained, "bad faith" accounts for "a broad range of willful improper conduct." Fink v. Gomez, 239 F.3d 989, 991(9th Cir. 2001).

Here, Halavais has engaged in consistently escalating inappropriate behavior that has interfered with the orderly administration of justice. All inferences presented to the Court suggest that Halavais' behavior has been in bad faith, from his attempts to sell mandatory disclosure information to his failure to appear before the Court based on a non-existent or severely exaggerated medical condition. As Mr. Halavais refuses to appear before the Court, has expressed that he is unable or unwilling to respond to motions and has alienated his most recent counsel, there appear to be no less drastic sanctions available than terminating sanctions. There is no way to proceed with this case without Halavais' presence in this Court, which Halavais flatly refuses to provide. This Court has issued multiple orders to Halavais that he has not obeyed; his continuing intransigence has wasted significant judicial time and resources. The risk of prejudice to Halavais is low. This action will not deprive him of his liberty or his finances; Ceats merely seeks a declaratory judgment that it is the owner of certain patents. Halavais has yet to provide any evidence of a valid defense in this matter to suggest that his position is anything but frivolous.

Based upon this extensive record, Ceats Inc. is entitled to the declaratory judgment it seeks in the

aforementioned action, SACV 11-190. Ceats' Motion for Contempt is hereby GRANTED and Judgment shall be entered in favor of Ceats.

Ceats' Motion to Strike the First Amended Counterclaim (Docket 62) is also GRANTED.

  The Court declares:

  1. Ceats in the owner of all rights, title, and interest in the Ceats Patents, defined for these purposes as U.S. Patent No. 7,454,361 and all other patents that claim priority to U.S> patent applicaton Serial No. 09/295,577.

  2. Richard Halavais has no ownership interest in the Ceats Patents, defined for these purposes as U.S. Patent No. 7,454,361 and all other patents that claim priority to U.S. patent application Serial No. 09/295,577.

  3. Judgment shall be entered in favor of Ceats with respect to Defendant's First Amended Counterclaim.

  This is a FINAL JUDGMENT.

  The Clerk shall serve this minute order on all parties to the action.